IN THE CIRCUIT COURT
FOR BALTIMORE COUNTY, MARYLAND

| | |
|---|---|
| ALEIA DOWDY<br><br>*on behalf of herself and on behalf of All others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>SANTANDER CONSUMER USA INC.<br><br>Defendant. | Case No. 03-C-18-012841 |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff Aleia Dowdy ("Named Plaintiff" or "Dowdy"), on her own behalf and on behalf of all others similarly situated, through her attorneys, hereby submits this Second Amended Class Action Complaint against Defendant Santander Consumer USA Inc. ("SANTANDER") and for support states as follows:

### I. PRELIMINARY STATEMENT

1. Dowdy institutes this class action against SANTANDER on her own behalf and on behalf of all others similarly situated for violating statutory obligations and seeks to recover statutory damages, pre-judgment and post-judgment interest and the costs of this action against SANTANDER for multiple violations of *Maryland's Credit Grantor Closed End Credit Provisions*, MD. CODE ANN., COMM. LAW §§ 12-1001 *et seq.* ("CLEC").

2. SANTANDER charges and collects a fee to its CLEC Retail Installment Sale Contracts ("RISC") customers for making a payment by phone through a live representative or through an automated system and through the internet ("convenience fee").

3. By charging and collecting its CLEC RISC customers convenience fees, SANTANDER deprived its CLEC customers of valuable rights mandated by their CLEC RISC.

4. SANTANDER violated CLEC by charging and collecting convenience fees to its CLEC RISC customers.

5. SANTANDER's repeated charges for convenience fees makes this case particularly suitable for resolution through a class action lawsuit.

## II. JURISDICTION

6. This Court has jurisdiction over this case under MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

7. This Court has personal jurisdiction over Defendant SANTANDER pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-103(1)-(3), as SANTANDER systematically and continually transacts business in Maryland, the case arises out of a transaction that took place within Maryland, SANTANDER contracts to supply goods or services in Maryland, files lawsuits in Maryland's State Court System and takes liens on personal property located in Baltimore County.

## III. PARTIES

8. Plaintiff Aleia Dowdy is a natural person currently residing at 1706 Holaview Road, Apt. A-1, Dundalk, MD 21222.

9. Defendant SANTANDER is an Illinois corporation doing business within this state and with its principle place of business located at 565 Fifth Avenue, New York, NY 10017.

## IV. FACTUAL ALLEGATIONS

10. On or about December 15, 2007, Dowdy purchased a 2003 Buick Rendezvous from Koons Outlet.

11. Dowdy obtained financing for the purchase of the 2003 Buick Rendezvous through the dealership that sold the vehicle, Koons Outlet, which was memorialized in a RISC.

12. The RISC affirmatively elects to be governed under CLEC.

13. Dowdy purchased the 2003 Buick Rendezvous primarily for personal, family and household purposes.

14. The RISC by which Dowdy financed the purchase was assigned to SANTANDER.

15. The total amount financed in the RISC was $13,668.00.

16. SANTANDER accepted the assignment of the RISC.

17. Throughout the life of the RISC, Dowdy made numerous payments to SANTANDER.

18. SANTANDER collected more than the total amount financed on Dowdy's RISC.

19. SANTANDER collected twenty-two thousand one hundred fourteen dollars and fifty-two cents ($22,114.52) on Dowdy's RISC.

20. Throughout the life of the RISC, SANTANDER charged Dowdy multiple convenience fees.

21. Throughout the life of the RISC, SANTANDER collected multiple convenience fees from Dowdy.

22. SANTANDER collected interest, costs, fees, or other charges from Dowdy on her CLEC RISC before charging and collecting any convenience fees from her.

23. SANTANDER collected interest, costs, fees, or other charges from Dowdy on her CLEC RISC after charging and collecting convenience fees from her.

24. Dowdy defaulted under the terms of her RISC.

25. After default, SANTANDER assigned the RISC to NCB Management, Inc. ("NCB").

26. Specifically, SANTANDER assigned "all rights, title and interest of [Santander] in and to those certain receivables, judgments or evidences of debt described in the Financial Assets Sale Agreement and Financial Asset Schedule . . . attached hereto and for all purposes[.]"

27. As part of this assignment, SANTANDER stated that "[NCB] may be substituted for [SANTANDER] as the valid owner of the Accounts and hereby waives any notice or hearing requirements or otherwise."

28. NCB filed a collection action on December 12, 2016 in the District Court of Maryland for Baltimore City under Case Number 0101000296012016 asserting that Dowdy breached the RISC and that a $5,810.23 balance remained due and owing.

29. NCB represented in its Complaint that it was "Assignee Of SANTANDER[.]"

30. Dowdy hired counsel and filed a Notice of Intent to Defend on August 9, 2017 asserting a complete defense to the collection action due to SANTANDER's charging and collecting "fees not allowed under MD. CODE ANN., COMM. LAW §§ 12-1001 *et seq.*"

31. The parties appeared for a contested trial on October 2, 2017 in the District Court of Maryland for Baltimore City where NCB submitted documentary evidence, a sworn affidavit as evidence and testimony of a corporate representative of its entitlement to the alleged outstanding deficiency balance under the RISC.

32. Dowdy also appeared at trial where she gave sworn testimony and was subject to cross-examination by NCB.

33. Dowdy testified that she was charged and SANTANDER collected multiple convenience fees from her.

34. Counsel for Dowdy argued that SANTANDER violated CLEC when SANTANDER charged and collected convenience fees from Dowdy.

35. The District Court of Maryland for Baltimore City entered judgment in favor of NCB for the amount requested in addition to court costs.

36. Dowdy filed a Notice of Appeal.

37. Prior to the appeal hearing, Dowdy and NCB entered into a settlement agreement.

38. The settlement agreement between NCB and Dowdy contained a mutual release.

39. The mutual release in the settlement agreement specifically excluded SANTANDER from claims Dowdy could assert against SANTANDER.

40. Shortly thereafter, the District Court of Maryland for Baltimore City's judgment in favor of NCB was vacated.

41. On the same day, the District Court of Maryland for Baltimore City entered a new judgment in favor of Dowdy dismissing NCB's collection action with prejudice.

42. Subsequent to the filing of this action, SANTANDER "repurchased [Dowdy's] auto loan/retail installment contract ("auto finance contract") from NCB Management Services, Inc. on 02/13/2019." In this regard, SANTANDER notified Dowdy that SANTANDER "again owns this account and will continue to service your auto finance contract."

### V. CLASS ACTION ALLEGATIONS

43. Named Plaintiff brings this action on behalf of a Class which consists of:

> **All persons who entered into a credit contract governed by CLEC and was charged a convenience fee by SANTANDER.**

Excluded from the Class are those individuals: (a) who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals; (b) whose credit accounts were discharged in a bankruptcy; (c) whose credit account resulted in a judgment

prior September 22, 2017; or (d) whose credit accounts were satisfied prior to March 22, 2017.

44. The Class, as defined above, is identifiable. The Named Plaintiff is a member of the Class.

45. The Class consists, at a minimum, of fifty (50) members.

46. There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members.

47. The common and predominating questions include, but are not limited to:

(a) Whether it is a violation of CLEC to charge a convenience fee in connection with a CLEC RISC;

(b) Whether SANTANDER charged convenience fees to its CLEC RISC customers;

(c) Whether it is a violation of CLEC to collect a convenience fee in connection with a CLEC RISC;

(d) Whether SANTANDER collected convenience fees from its CLEC RISC customers;

(e) Whether SANTANDER knowingly violated CLEC.

48. Claims of Named Plaintiff are typical of the claims of the respective members of the Class and are based on and arise out of similar facts constituting the wrongful conduct of SANTANDER.

49. Named Plaintiff will fairly and adequately protect the interests of the Class.

50. Named Plaintiff is committed to vigorously litigating this matter.

51. Further, Named Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

52. Neither Named Plaintiff nor her counsel have any interests which might cause her not to vigorously pursue this claim.

53. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class. MD. RULE 2-231(b)(3).

54. A class action is the superior method for fair and efficient adjudication of the controversy. MD. RULE 2-231(b)(3).

55. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

56. The likelihood that individual members of the Class will prosecute separate actions is remote also because each individual claim involves a small amount.

57. Counsel for Named Plaintiff and the Class is experienced in class actions and foresees little difficulty in the management of this case as a class action.

## VI. CAUSE OF ACTION

### COUNT ONE
### (MARYLAND CREDIT GRANTOR CLOSED END CREDIT PROVISIONS)

58. Dowdy re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

59. CLEC restricts credit grantors from charging or collecting any fees, charges or interest not specifically enumerated in CLEC.

60. In violation of CLEC, SANTANDER charged convenience fees to Named Plaintiff and all Class members.

61. In violation of CLEC, SANTANDER collected convenience fees from Named Plaintiff and all Class members.

62. SANTANDER's CLEC violations were undertaken knowingly.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff respectfully prays that this Court:

A.  assume jurisdiction of this case;

B.  enter an order certifying the Class under MD. RULE 2-231(b)(3);

C.  enter an order that SANTANDER pay to Named Plaintiff and the Class the statutory penalties imposed by CLEC § 12-1018;[1]

D.  enter an award of pre-judgment and post-judgment interest on all sums awarded to Named Plaintiff and the Class; and

E.  award such other relief as the court deems appropriate.

Respectfully submitted,

Z LAW, LLC

Dated: April 10, 2019

By: /s/ Cory L. Zajdel
Cory L. Zajdel, Esq. (0412150442)
David M. Trojanowski, Esq. (1412180233)
2345 York Road, Suite #B-13
Timonium, Maryland 21093
(443) 213-1977
clz@zlawmaryland.com
dmt@zlawmaryland.com

**Attorneys for Plaintiff**

---

[1] Pursuant to MD. RULE 2-305, Dowdy states that her claim totals $25,339.56 ($8,446.52 x 3) in addition to pre-judgment and post-judgment interest. The total damages Dowdy seeks to recover on behalf of the Class totals more than $75,000.00.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to Maryland Rule 20-201(g), on this 10th day of April, 2019, a copy of the foregoing was served through the MDEC system to:

Leslie Paul Machado, Esq.
LeClairRyan
2318 Mill Road
Suite 1100
Alexandria, VA 22314

Robert J. Brener, Esq.
LeClairRyan
One Riverfront Plaza
1037 Raymond Boulevard, Sixteenth Floor
Newark, New Jersey 07102

**Attorneys for Defendant Santander Consumer USA, Inc.**

/s/ Cory L. Zajdel
Cory L. Zajdel, Esq. (0412150442)
David M. Trojanowski, Esq. (1412180233)
2345 York Road, Suite #B-13
Timonium, Maryland 21093
(443) 213-1977
clz@zlawmaryland.com
dmt@zlawmaryland.com